M. L. LEVY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29984.   Promulgated April 16, 1930.

*George Roscoe Davis*, Esq., and *H. Kennedy McCook*, Esq., for the petitioner.

*Philip M. Clark*, Esq., for the respondent.

OPINION.

ARUNDELL: The question of whether the dividends in controversy are income of the petitioner turns on whether he made a valid gift of the stock to his wife prior to the time the distributions were made. The contention of the respondent is that the transfer was not a bona fide and valid gift for income-tax purposes.

Section 1146 of the Civil Code of California defines a gift as " * * * a transfer of personal property, made voluntarily, and without any consideration." The essential elements of a gift are an intention on the part of the donor to make it, an actual or constructive delivery of the subject matter of the gift, and an acceptance thereof by the donee. *Hynes* v. *White*, 47 Cal. App. 549; 190 Pac. 836; *Beaver* v. *Beaver*, 117 N. Y. 421; 22 N. E. 940. See also

*Allen-West Commission Co.* v. *Grumbles,* 129 Fed. 287; *David R. Daly,* 3 B. T. A. 1042; and *Cora B. Beatty, Executrix,* 7 B. T. A. 726.

The evidence clearly shows the petitioner's intention to make a gift of the stock. At the time of the transfer the donee was not indebted to the petitioner for any amount of money and she did not pay him anything for the stock. In their depositions introduced in evidence, both the petitioner and his wife referred to the transaction a number of times as a gift, and testified that the only consideration given for the stock was "love and affection." The petitioner also testified he gave the stock to his wife in order "to crystallize the former gift I had given her in M. L. Levy & Company." The delivery of the stock and its acceptance by the donee have also been established. The donee receipted for the stock, and actually received it, on January 5, 1922, the date of its issue. Thereafter, in March, 1922, and August, 1922, she received dividends on the stock, indorsed the checks issued in payment thereof, and delivered them to the petitioner with the request that he invest the proceeds for her. She participated in the negotiations conducted for the sale of her own and the petitioner's stock to Voss and Rich and was present in August, 1922, when the deal made was closed. In due course she received her proportion of the selling price of all of the stock sold and thereafter in 1923, sold the securities she received in the sale and invested the proceeds for her account. All of this was done in the presence or with the knowledge of the petitioner. Nor is there any evidence of record to establish that the petitioner exercised any dominion or control over the stock after its delivery and acceptance by the donee. Everything points to the fact that the transfer was unconditional. The facts, in our opinion, lead to the conclusion that the petitioner made a valid gift of the Voss & Rich, Inc., stock to his wife in January, 1922. The dividends paid on such stock to Mrs. Levy in March and August, 1922, constituted income to her and it was error for respondent to tax the same to petitioner.

*Decision will be entered under Rule 50.*